UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID TERRENCE STEPHENS,

        Plaintiff,

v.                                                      Case No. 3:18-cv-813-J-39JBT

JOSEPH EDWARDS, WARDEN,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff David Terrence Stephens, an inmate of the Florida penal system who is proceeding pro se, initiated this action on June 26, 2018, by filing a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. Plaintiff has recently filed an Amended Complaint (Doc. 3) with a supplement (Doc. 5) and the following additional motions and notices: a Motion for Preliminary Injunction with exhibits and a supplement (Docs. 6, 7); a Motion for Costs with exhibits (Doc. 8); a Motion to Set Petitioner a Reasonable Bond with exhibits (Doc. 9); and a Certificate of Interested Persons with exhibits and a supplement (Docs. 10, 11).

In his Amended Complaint, Plaintiff names only one defendant, Joseph Edwards, the Warden of New River Correctional Institution, where he is currently housed. The allegations in his sixty-five page Amended Complaint (with twenty pages of exhibits[1]) are

---

[1] Plaintiff's exhibits include documents related to an alleged 2005 sexual assault (including medical records, a grievance response, and a prison disciplinary report); portions of a prison procedure about "prison rape"; an excerpt of a 1974 Supreme Court decision; an Eleventh Circuit order in a prior case filed by Plaintiff in which he sought reconsideration of dismissal of his writ of mandamus; an excerpt of a docket from a prior case he filed in the Middle District in which he highlights that the appellate court revoked the dismissal of his appeal because he had alleged imminent danger; excerpts of two District Court orders from 2016 and 2017 in which the courts dismissed his complaints under 28 U.S.C. § 1915(g) because he failed to allege

written in an unclear narrative referencing multiple, unrelated incidents occurring as far back as August 2005, at two different correctional facilities. While the allegations and claims are difficult to decipher, Plaintiff seems to assert abuse and mistreatment by correctional employees, sexual assault by other inmates, racial bias, retaliation, fraudulent disciplinary proceedings, tampering with his legal mail, denial of access to courts, and failure to provide medical treatment. Notably, Plaintiff fails to allege that Defendant Edwards himself has engaged in unconstitutional conduct and appears to name him only because he is the warden. Specifically, Plaintiff states that Warden Edwards "allow[s] guards to abuse or mistreat inmates . . . in [an] ongoing pattern of misconduct." See Amended Complaint at 5.

Plaintiff's case is subject to dismissal because he has not paid the required filing fee and is not permitted to proceed as a pauper under 28 U.S.C. § 1915(g), which is commonly referred to as the "three strikes" provision:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) requires this Court to consider prisoner suits dismissed before, as well as after, the enactment of this section. This Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted:

---

imminent danger; the cover of an issue of the Miami Times titled "Black Lives Matter"; and a copy of a summons he prepared in this action.

2

Case Nos. (1) 6:01-cv-1512-Orl-31KRS M.D. Fla. (failure to state a claim), (2) 6:04-cv-695-Orl-18KRS M.D. Fla. (frivolous), (3) 8:06-cv-319-T-27MAP M.D. Fla. (failure to state a claim), (4) 8:09-cv-194-T-27TGW M.D. Fla. (failure to state a claim). In fact, Plaintiff has initiated over 50 civil rights cases and has been informed numerous times that he is a three-strikes litigant, and his cases have been dismissed on that basis. See Report and Recommendation (Doc. 8), No. 4:17cv329-RH/CAS (N.D. Fla. October 2, 2017).

Plaintiff's action is due to be dismissed because he has had three or more prior qualifying dismissals. While Plaintiff alleges repeatedly that he is "in ongoing serious physical injury or [shows a] pattern of misconduct evidencing the likelihood of imminent danger of serious physical injury," his allegations do not warrant application of the imminent danger exception. At most, the "pattern of misconduct" Plaintiff references amounts to no more than vague threats or unkind comments and actions by other inmates and guards that occurred in the past, spanning from 2005 through 2016. A Plaintiff's allegations of past harm are insufficient to satisfy the "imminent danger" exception. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). See also Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) ("The imminent danger exception to § 1915(g)'s three strikes rule is available for genuine emergencies, where time is pressing and a threat ... is real and proximate.") (internal quotation marks omitted) (alteration in original).[2]

---

[2] In his original complaint, Plaintiff alleged that he had recently been placed in confinement because prison officials received an anonymous tip that someone was going to kill Plaintiff. This allegation also does not support application of the imminent danger exception here. Not only did Plaintiff not allege this in his Amended Complaint, but he states in a grievance he provides in support of his Motion for Preliminary Injunction (Doc. 6-2) that he believes the tip is a lie and that he is "in no fear of [his] life."

Because Plaintiff is a three-strikes litigant who has not alleged he is under imminent danger of serious physical injury, the Court finds that Plaintiff's case is subject to dismissal under § 1915(g). If Plaintiff wishes to pursue a claim based on the conditions of his confinement, he may initiate a new civil rights action by filing a new civil rights complaint form and paying the full filing fee ($400.00). In light of the dismissal of this case, Plaintiff is not entitled to any relief sought in the various motions he has filed (Docs. 6, 8, 9). To the extent Plaintiff seeks review of his 1999 conviction, see Doc. 9, the Court advises Plaintiff that the filing of a civil rights action is not the appropriate method for seeking such relief.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

3. In light of Plaintiff's statements in some of his filings that he harbors extreme anger and hate, the **Clerk** should send a copy of this Order to the Inspector General for the Department of Corrections and the to the U.S. Attorney's Office for whatever action they deem appropriate. For example, in Plaintiff's Motion for Costs (Doc. 8), on page 6, Plaintiff says that "these black in skin color 'fake' law enforcement need to hang from the nearest oak tree with a noose around their neck by a black American citizen." He also says that the "hate and anger consumes [his] mind daily for 13 years now to the point [he] has to work out to suppress it." In Exhibit B to the Motion for Costs (Doc. 8-2), Plaintiff suggests that the officers at the prison are criminals who simply have not been "caught,"

4

and he says, "you shall reap what you have sown! This means you kill my son then I kill your children."

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of July, 2018.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:
David Terrence Stephens, #0529682